JOSEPH CICALESE, DEFENDANT IN ERROR, v. LEHIGH VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued December 3, 1907—Decided March 2, 1908.

1. In order to be relieved from the assumption of the risk of being injured by using an obviously defective hand car, upon the ground that the master had promised to repair the defect, a servant must show affirmatively that such promise was made by the master, or by one standing in his place authorized to make the promise for him.

2. Where no express authority to promise repairs is shown, and the proof is limited to the fact that the promisor was the foreman of a gang of track laborers, directing them in their work, the foreman and workmen are fellow-servants and no inference can legally be drawn that the foreman, because of the position he held, was empowered by the master to make a promise to repair upon which a servant can rely to relieve him from the implied assumption of the risk of obvious dangers connected with his employment, and where the question was submitted to the jury whether, under such a state of facts, there was a legitimate and reasonable inference to be drawn that the foreman was authorized to promise for the master, an error was committed.

3. Where a railroad company provides hand cars for the transportation of its employes from the place where they have been working to a point convenient to their homes, even if the journey is commenced after the usual work of the day has ceased, the relation of master and servant continues until the employe has reached the destination to which he is being carried by, or with the consent of the company, and the company is not relieved of its duty to

furnish a reasonably safe machine and appliances for that purpose while such relation continues to exist.

4. A refusal to charge, on request, that the superior servant rule has never been adopted in this state, and that the foreman of a gang of laborers, of whom the plaintiff was one, is a fellow-servant of the plaintiff, and that a promise to make repairs, made by such foreman, would not bind the defendant unless the jury should find that he had, in fact, been authorized by the defendant to make such promise, is error.

On error to the Supreme Court, Essex County Circuit.

For the plaintiff in error, *Conover English* and *Robert H. McCarter.*

For the defendant in error, *Thomas L. Raymond.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff was one of a gang of laborers employed as trackmen by the defendant, working under the supervision of a foreman, who was constantly present directing the work.   At the close of the work on August 8th, 1905, the plaintiff, together with other of the workmen, started to go home on a hand car, as they had been accustomed to, and while operating the car by means of a handle bar, the plaintiff was thrown from it, and suffered injuries, compensation for which is the object of this suit.   The car was provided for the use made of it by the defendant, and the cause of the injury was a defective handle bar, the use of which was necessary to propel the car.   Before he began to use the bar the plaintiff knew it was defective, and called the attention of the foreman to it, saying, "The handle is all loose; we can't work with this."   The condition of the bar had been known to the plaintiff for a day or two previous, so when he undertook to use it on the day of the accident he was aware that in order to operate the car he could only do so by using an appliance which he knew to be defective and dangerous, and thereby assumed, unless relieved from it, the risk of injury likely to happen to him from such use.

It is not claimed in this case that the appliance, when fur-

nished by the master, was not in good order and a reasonably safe tool for the purpose intended.

The right of this plaintiff to recover, under the conditions present, depends upon his showing affirmatively that he was absolved from his implied contract with the defendant that he would assume the risk of obvious dangers connected with his employment, upon the ground that the master had made him a promise to remedy the defective appliance, upon which promise he had a lawful right to rely.

The only promise shown was one by the foreman of a gang of workmen of which the plaintiff was one. If such promise was made by one standing in the place of the master, and authorized to speak for it in that respect, then the plaintiff had a right to rely upon it, and the inference of his willingness to incur the obvious risks incident to his employment no longer remained, and he was relieved from the implied assumption of such risks. It is not pretended that there was any express authority shown, but the plaintiff insists that the jury could properly infer that there was an implied authority vested in the foreman incident to the position held by him, and that when the foreman said, in reply to plaintiff's complaint, "I will fix it to-morrow morning," it was the promise of one authorized by the master to speak for him. Whether such inference should be drawn from these facts was submitted to the jury, who found that it could be, and there was a verdict for the plaintiff. At the close of plaintiff's case a motion to nonsuit was made, and at the close of the whole case defendant moved for the direction of a verdict for the defendant. Both motions were refused, and an exception taken and sealed to each refusal. The uncontradicted testimony was that the person who made the alleged promise was merely the foreman of a gang of men engaged in repairing and laying railroad tracks, who, under the settled law of this state, was their fellow-servant, and the fact that he was foreman or boss of the gang under his immediate supervision and direction justifies no inference that he was authorized to speak for the defendant and promise that it would repair the defective appliance. He had no more authority, because of the

position he held, to make such a promise for the master than any other of plaintiff's fellow-servants, for all were employed in a common service. *O'Brien* v. *American Dredging Co.,* 24 *Vroom* 291.

In *Spencer* v. *Haines,* 45 *Vroom* 13, plaintiff was injured because a guard rail, which was out of order, had been removed for repairs. She had complained to an engineer regularly employed for the purpose of looking after all the machinery in defendant's building, and he had promised plaintiff to repair the rail, and had taken it away for that purpose. In an opinion by the Chief Justice, the Supreme Court declared that, in the absence of proof of any fact from which authority could be fairly inferred, it was error to leave to the jury the question whether plaintiff was justified in relying upon the promise to repair made by the engineer. If the authority to make the required promise cannot be lawfully inferred where the promisor was an engineer employed to make repairs generally, such an inference cannot be supported by proof that the promisor was a fellow-servant of plaintiff. The defendant was clearly entitled to a direction in its favor on the whole case, and the refusal of the trial court to so direct was an injurious error.

Error was also assigned upon the refusal of the trial court to charge, as requested, that as the injury to the plaintiff happened after the work for the day had closed, and there being no evidence of any contract by the defendant to carry the plaintiff to and from his work, the relation of master and servant no longer existed, and if there was any liability attaching to defendant it arose because the plaintiff was a licensee, and that defendant was only responsible for such injuries as resulted from willful negligence. We are of opinion that it was not error to decline to charge as requested. The relation of master and servant continues during the carriage of the servant to and from his work, when done by the master, or with his consent, where from the character of the service such transportation is beneficial both to the master and servant. In the case under review the servant was working at different points along the railroad of the defendant,

and it was the custom of defendant to furnish a sufficient number of hand cars to take all of the men belonging to the gang to a destination convenient to their homes, and the furnishing of such cars by defendant, and their use by the plaintiff for such purpose, being a custom availed of by both parties, it became an element of the employment, accepted and acted on by the parties as a part thereof.

In *Bowles* v. *Ind. Ry. Co.*, 27 *Ind. App.* 672, the plaintiff was a workman engaged in the construction of a trolley line, and was transported to and from his work in a wagon drawn by horses furnished by defendant. While plaintiff was being carried to his work the horses ran away, and he was injured. In holding that the relation of master and servant continued to exist during such conveyance, the court said: "In view of the migratory character of the service, such transportation facilitated the prosecution of the work, and was beneficial to both employer and employes. It was by the conduct of the parties, if not by their express agreement, an ingredient and instrumentality of the employment. * * * It was arranged between the employer and employe that the latter would thus go and come with his fellow-workmen, thereby expediting the work with greater convenience for all concerned."

In *Gillshannon* v. *Stony Brook Railroad Co.*, 10 *Cush.* 228, it appeared that plaintiff rode each morning and evening, with other laborers, to and from his work on a gravel train of the defendant, with its consent and for mutual convenience, no compensation being paid directly or indirectly by the laborers for passage, nor was the company under any contract to convey them to and from their work. The plaintiff was injured through the negligence of defendant's servant. On this state of facts the court held that if by the contract of service the plaintiff was to be carried by the defendant to the place where he was to work, then the injury was received while engaged in the service for which he was employed, but if it was not properly inferable from the evidence that the contract actually embraced this transportation, there was a permissive privilege granted to the plaintiff, of which he

availed himself to facilitate his labor and service, and was connected with it, and the relation of master and servant existed. See, also, *O'Brien* v. *Boston and Albany Railroad Co.,* 138 *Mass.* 387.

In *Van Blarcom, Administrator,* v. *Central Railroad Co.,* 44 *Vroom* 540, the plaintiff was injured while riding with others on their way home, after the close of their work, upon defendant's locomotive, and during the journey the locomotive left the rails, and plaintiff was injured. It was assumed by this court on the facts stated that the plaintiff in that case was still in the employ of the master while proceeding to his home on defendant's engine. Chancellor Magie, speaking for the court, said: "It is obvious from these facts that the question was whether the railroad company, the employer of the intestate, had failed in the performance of any duty which it owed to its employe." The determination of this case was based upon the rule which imposes on the master the duty to take care that the place in which his servant is to work shall be reasonably safe, and affirmed the expression of Mr. Justice Garrison in the Supreme Court in passing on the same case, that "the pertinent rules of law were those touching the degree of care owed by a master to his servant in this respect." *S. C.,* 43 *Id.* 33. If any doubt existed that the relation of master and servant continued while the plaintiff in that case was being transported to his home after his work for the day had been concluded, it would not have escaped the attention of the Supreme Court and of this court.

The fifth assignment of error is based on the refusal of the trial court to charge, on request, that the superior servant rule has never been adopted in this state; that the boss of the gang of workmen was a fellow-servant of the plaintiff, and that the defendant was not bound by any alleged promises to repair made by him in his capacity as boss,. and unless the jury should find that he had in fact been authorized by the defendant to act as its representative in the matter of making such promises, the verdict should be for the defendant.

This request was undoubtedly based upon the assumption that, having refused to nonsuit or direct a verdict, the ques-

tion whether the conferring of the required authority could be inferred from the evidence was to be submitted by the court to the jury, and the defendant was entitled to have the jury instructed that they must find from the evidence that the foreman was authorized by the defendant to act for it as its representative in making the necessary promise to repair, and that, in the absence of such finding, defendant was entitled to their verdict. The refusal to charge as requested was error. For the reasons given, the judgment below is reversed and a new trial ordered.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BOGERT, GRAY, DILL, J.J.    6.

*For reversal*—GARRISON, SWAYZE, REED, PARKER, BERGEN, VROOM, GREEN, J.J.    7.