**UNITY DRILLING CO. v. BENTLEY et al.**

No. 10892—Opinion Filed Dec. 9, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

**Master and Servant—Workmen's Compensation Law—Notice of Injury.**

Record examined, and held: That the failure to give notice of injury, within the time required by section 2, chap. 246, of the Workmen's Compensation Law, having been properly excused by the Industrial Commission pursuant to another part of the same section, was not a bar to respondent's claim.

Appeal from order of State Industrial Commission awarding compensation for personal injuries to E. Bentley. Affirmed.

Breck Moss, for petitioners.

Grace Arnold, for respondents.

KANE, J. This is an appeal from the action of the State Industrial Commission wherein it was ordered "that within ten days from this date the Unity Drilling Company, respondent, or the Consolidated Underwriters, the insurance carrier, pay to the claimant compensation computed from the 19th day of March, 1918, at the rate of $10 per week, and continue said payments for a period of 500 weeks, and also pay all medical expenses incurred by claimant as a result of said injury during the first fifteen days after said accident."

The sole ground relied upon to reverse this order is that notice was not given by the claimant within the time required by section 8, art. 2, of the Workmen's Compensation Law. This section provides in part that:

"Notice of an injury, for which compensation is payable under the act, shall be given to the commission and to the employer within thirty days after injury."

It is conceded that notice was not given within the required time, but it is contended that this does not bar the claim, for the reason that the failure to give such notice was excused by the commission in the circumstances which justified such action under another part of the foregoing section, which provides as follows:

"The failure to give such notice, unless excused by the commission, either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It appears that failure to give notice was excused by the commission upon both of the grounds mentioned in the statute, and we are unable to find any error in this action.

The facts upon which failure to give notice was excused on the first ground may be briefly summarized as follows:

On the 5th day of March, while in the employ of said Unity Drilling Company, this respondent received a severe blow upon the top of his head, said blow cutting his scalp open and knocking him to the ground; that said injury did not, at that time, incapacitate him for labor for over an hour or two, but from and after said injury he suffered pains in the

neck and head; that while the wound apparently healed, in about a week or two after the injury he began to suffer from severe headaches and vertigo, and a week or two thereafter he began to develop paralysis in the arms and legs, and found difficulty in speaking. He did not connect these symptoms with the injury heretofore described, until he finally called upon Dr. Wm. J. Neal, of Drumright, Okla., in the latter part of June, 1918. During this time his trouble had become more severe, and had developed into attacks of unconsciousness and spasms. Dr. Neal diagnosed respondent's trouble as traumatic epilepsy, directly induced by the injury to his head, as hereinbefore set forth. On July 12, 1918, respondent was operated upon by Dr. LeRoy Long, of Oklahoma City, for the purpose of trying to relieve the pressure upon the brain. The operation did not bring the hoped for relief, and the respondent continued to grow worse, having some time before said date, to wit, July 12, 1918, been entirely incapacitated for labor. Dr. LeRoy Long also diagnosed respondent's case as traumatic epilepsy, directly induced by the injury to his head, as hereinbefore described. In August, 1918, respondent filed his claim for compensation for permanent total disability, whereupon notice was given.

We think these facts amply justified the commission in excusing failure to give notice on the first ground. There is nothing whatever in the record tending to show that either the insurance carrier or the employer has been prejudiced by failure to give notice. In these circumstances failure to give notice, having been excused, was not a bar to the claim.

For the reasons stated, the order of the commission is affirmed.

RAINEY, V. C. J., and JOHNSON, PITCHFORD, and BAILEY, JJ., concur.