**OKLAHOMA GENERAL POWER CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 15574—Opinion Filed April 28, 1925.

(Syllabus.)

**1. Master and Servant—Status of Employe Lent to Another Employer.**

In determining in a particular act whether one is the servant of his original master or the person to whom he has been furnished, the test applicable is whether such servant continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired.

**2. Same—Workmen's Compensation Law—Rights of Claimant.**

Where claimant was in the employ of a petitioner, and acting in compliance with and under orders of the petitioner at the time of the injury, in the absence of evidence showing willful neglect or intoxication on the part of claimant, it is evident that the accident and resulting injury arose out of and in the course of such employment, under the provision of section 7285, Comp. St. 1921.

**3. Same.**

Record examined and held: (1) That the failure to give notice of injury, within the time required by section 7292, Comp. St. 1921, of the Workmen's Compensation Law, having been properly excused by the Industrial Commission pursuant to the provisions of said sections, was not a bar to respondent's claim. (2) That for failure to comply with the positive provisions of section 7288, Comp. St. 1921, the claimant is not entitled to recover for medical, surgical, or other attendance or treatment.

Appeal from Order of Industrial Commission.

Action by the Oklahoma General Power Company and another to review award of workmen's compensation to George R. Sutherland. Modified and affirmed.

Ross & Thurman, for petitioners.

C. A. Ambrister and Bower Broaddus, for respondents. Rogers & Haines.

Brook & Brook, for George R. Sutherland.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

RILEY, J. This is a proceeding to re-

verse an award made by the State Industrial Commission in favor of George R. Sutherland and against the Oklahoma General Power Company, a corporation, and the Fidelity & Casualty Company of New York, a corporation, insurance carriers.

For reversal of the finding and the order of the State Industrial Commission six specifications of error are presented by petitioners, the Oklahoma General Power Company and the Fidelity Casualty Company. We shall consider them in their order:

1. That the State Industrial Commission's finding or conclusion that the claimant was in the employ of Oklahoma General Power Company at the time of the accident on December 18, 1922, not only is unsupported by any evidence, but is contrary to and in disregard of all the evidence.

Petitioners base their argument upon the premise that Sutherland was in the joint employ of the Oklahoma General Power Company and Rogers & Haines, copartners. It appears from the evidence that Lyons, who was in charge of construction work of the Oklahoma General Power Company, hired from Rogers & Haines certain trucks for use in such construction work at a stipulated rate per hour; likewise, drivers of particular qualifications were secured under the agreement, and Haines of the copartnership furnished these drivers, amongst whom was the injured claimant.

The power company exercised the right to direct the drivers of the trucks, and in certain instances discharged some of them. It appears that Lyons, foreman of the power company, would check the drivers as to time, direct them as to duties and labor to be performed. Mr. Ferry, one of the foremen of the works, instructed the claimant, on the 18th day of December, 1922, to return to Muskogee from Muldrow and report to "the office." The evidence shows that a temporary lay-off was determined by the power company, and pursuant to the instructions so received the claimant set out for Muskogee, 60 miles west, reached a point eight miles east of his destination at two a. m., when the truck overturned and claimant sustained injuries, most serious of which was a fracture of the clavicle at the juncture of the outer and middle third.

The Commission found that claimant Sutherland, was in the employ of the Oklahoma General Power Company. This conclusion is evidently based upon the facts showing the truck and driver were under the direction and orders of the agents of the power company at the time of the accident. It is urged with a great deal of stress by the petitioners that an employment for an indefinite time or by the hour is a hiring at will and may be terminated at any time by either employer or employe Bentley v. Smith, 3 Ga. App. 242, 59 S. E. 720. Yet we are of the opinion that this principle of law has no application to the facts in the instant case. We are of the opinion that the test applicable, in determining in a particular act whether one is the servant of his original master or the person to whom he has been furnished, is whether he continues liable to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired. Coughlon v. Cambridge, 166 Mass. 368, 44 N. E. 218; Scribner's Case (Mass.) 120 N. E. 350; Miller v. North Hudson Contract Company 152 N. Y. Supp. 22; 26 Cyc. 1522.

"Where a railroad provides hand cars for transporting its employes from the place of work to a point convenient to their homes, though the journey is commenced after the usual work of the day has ceased, the relationship of master and servant continues until the employes had reached their destination." Cicalese v. Lehigh Valley Railway Co. (N. J. App.) 69 Atl. 166; See, also, Jones v. Va. Ry. Co. (W. Va.) 83 S. E. 54.

The claimant having been in the employ of the Oklahoma General Power Company and being under their direction, obeying their order in the act of reporting to the office, subjecting himself to a lay-off over the holidays, we find there is evidence to support the finding of the Commission that at the time of the injury the claimant, Sutherland, was in the employ of the Oklahoma General Power Company.

2. It is next urged that the accident did not arise out of, or in the course of, any employment of Sutherland by the Oklahoma General Power Company.

It having been determined that claimant was performing a duty imposed upon him by the agent of the power company at the time of the accident, and the finding of the Commission being that the claimant sustained the injury while in the employ and in the course of his employment, and in the absence of any evidence showing the injury to be other than by accident, we conclude that the contention of petitioners in this particular is without merit; that inasmuch as claimant was in the employ of the power company and acting in compliance with and under orders of the company at the time of the accident and injury, the accident necessarily arose out of and in the course of such employment, in

the absence of any evidence showing willful neglect or intoxication on the part of claimant.

3. The third contention of petitioner is that claimant wholly failed to comply with the provisions of the Workmen's Compensation Law requiring the giving of a written notice of the accident and injury within 30 days.

Under the decisions of this court in Unity Drilling Company v. Bentley, 77 Okla. 76, 186 Pac. 239; Cameron Coal Co. et al. v. Collopy et al., 102 Okla. 207, 228 Pac. 1100; and Okmulgee Democrat Publishing Company v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, the failure to give written notice may be excused by the Commission either upon the grounds that notice for some sufficient reason could not be given or on the ground that the insurance carrier or employer has not been prejudiced thereby under section 7292, Comp. St. 1921.

The Commission excused the failure to give notice upon the ground that the employer and insurance carrier were not prejudiced by such failure, in that claimant received proper medical attention and hospitalization so that his disability was not increased by reason of failure, and for the further reason that actual notice, a short time after the accident and within 30 days thereof, was given an agent of the power company.

We think the holding of the Commission in this regard should not be disturbed.

4. It is further urged by petitioners that the award herein is erroneous because Rogers and Haines after the accident paid claimant $1,222 in cash, and the award requiring the Oklahoma General Power Company or its insurance carrier to pay the further sum of $1,378.15 would result in claimant receiving $1,222 in excess of the full compensation provided by the Workmen's Compensation Law. There is no evidence in the record from which it could be said that Rogers and Haines had paid money to the claimant in recognition or acknowledgment of a claim for compensation because of the injury and accident. The evidence shows that Haines furnished Sutherland with these funds and charged the same to claimant because of the need of claimant and his family. We find no merit in this contention of petitioners.

5. The next specification of error is that the award is erroneous in that it required the Oklahoma General Power Company to pay all medical and hospital bills resulting from the accident, whereas the evidence shows that the claimant at no time applied to the company for medical or hospital treatment.

Section 7288, Comp. St. 1921, provides as follows:

"* * * The employe shall not be entitled to recover any amount expended by him for such treatment or services (medical, surgical or other attendance or treatment, nurse and hospital services) unless he shall have requested the employer to furnish the same and the employer shall have refused or, neglected to do so. * * *"

The evidence fails to disclose any compliance with the positive provisions of the statute, and we are of the opinion that this assignment of error should be sustained in view of the fact that the amendment of 1923 affecting this section of the Workmen's Compensation Law was not in force and effect at the time the liability herein arose. Okmulgee Democrat Pub. Co. v. State Industrial Commission et al., 86 Okla. 62, 206 Pac. 249.

6. It is urged that the Commission's finding of temporary total disability from the time of the accident until that of the last hearing is in error for the reason that such finding is not supported by any evidence.

We find that claimant stated in his application for compensation that he had commenced doing light work six months after the accident; however, considering the testimony in this regard, we find the claimant before the Industrial Commission testifying that he had not performed any real work since the accident, and evidence of the physician who examined claimant is to the effect that there is a temporary total disability on the part of claimant. We find there is evidence upon which the Commission based its finding in this connection.

The order of the Commission, modified to the extent of eliminating payment for hospitalization and treatment as hereinbefore indicated. will be affirmed.

BRANSON, V. C. J., and HARRISON, PHELPS. LESTER, and HUNT, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts, C. J., p. 46. § 37: 26 Cyc. p. 1522; 18 R. C. L. 493; 3 R. C. L. Supp. 815; 4 R. C. L. Supp. 1188. (2) Workmen's Compensation Acts, C. J., p. 73, § 63: anno. 10 A. L. R. p. 169; 21 A. L. R. p. 1223; 24 A. L. R. p. 1233. (3) Workmen's Compensation Acts, C. J., p. 101, § 97 (1926 Anno); p. 105, § 102; anno. L. R. A. 1916A, 83; 244; L. R. A. 1917D, 135, L. R. A. 1918F, 556.