**GENERAL OUTDOOR ADV. CO., Inc., v. MARCH (et al.**

No. 21781. Opinion Filed June 30, 1931.

Everest, McKenzie, Halley & Gibbens and Lee B. Thompson, for petitioner.

C. W. Myers and Lee Williams, for respondents.

HEFNER, J. This is a proceeding in this court by General Outdoor Advertising Company to review an award of the State Industrial Commission.

The evidence discloses that the claimant, Raymond March, was employed by petitioner to do work on the roof of a two-story building; that he attempted to reach the roof by the use of a rope suspended from the building, and in so doing he fell a distance of 30 feet, sustaining severe injuries. The evidence further discloses that the building was provided with a stairway which could have been used by claimant for the purpose of ascending to and descending from the roof.

Petitioner contends that he should have used the stairway instead of the rope; that the employer provided a safe way for him to reach the roof; that having used the rope, an unsafe way, he did so at his peril; that his injuries did not arise out of his employment, nor result from a risk reasonably incident thereto, and in support thereof relies upon the following rule announced by this court in the case of Southern Surety Co. v. Galloway, 89 Okla. 45, 213 Pac. 850:

"An injury does not arise out of the employment, within the meaning of the Comp. St. 1921, sec. 7285, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between conditions under which the work is required to be performed and the resulting injury."

The only evidence as to the accident is the evidence of claimant. He testified, in part, as follows:

"Q. Now, did the other fellow employees use this rope also? A. Yes, sir. Q. Did they do it in the presence of the foreman in charge of the work on this particular job? A. Yes, sir. Q. He knew about it, did he? A. Yes, sir. Q. You seen other men using the rope? A. Yes, sir. Q. You used it before, yourself? A. Yes, sir. Q. It was a quicker way to get to this particular location on the building? A. Yes, sir, or off."

This evidence is sufficient to sustain the finding of the Commission that claimant's injuries arose out of his employment and resulted from a risk reasonably incident thereto.

Petition to vacate is denied.

CLARK, V. C. J., and SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, CULLISON, and ANDREWS, JJ., absent.