## DOLESE BROS. CO. v. PARDUE et al.

. No. 28622. Dec. 6, 1938.

Clayton B. Pierce and Truman B. Rucker. for petitioner.

C. C. Hatchett, for respondent John H. Pardue.

WELCH, J. The question presented in this action to vacate an award of the Industrial Commission is whether there is any evidence supporting the finding that the accident arose out of the employment.

The undisputed facts are that claimant was employed by Dolese Bros. as a night watchman at the company's rock crusher plant and extensive premises located near Bromide, Okla.; that while on duty as such night watchman on the night of July 3, 1938,

claimant sustained the injury from a gunshot wound inflicted by an unknown person.

Claimant's duties required that he watch his employer's plant and premises and property for the purpose of guarding the same against trespassers and from theft or injury throughout the night. On the night of the injury he was in the performance of such duties and had just completed his rounds of inspection when, shortly after 10 o'clock p. m., he heard a noise upon or near the premises, and about his employer's property, and had seated himself on a box in front of the small house used by the watchman, with the intention of watching and listening to locate the cause of the noise. While so seated he was shot through the body with a large caliber firearm, from a point upon or near the employer's property. There is no positive or direct evidence disclosing who fired the shot or the purpose and intent on the part of the person who fired the same.

In Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P.2d 163, we held in the third paragraph of the syllabus thereof as follows:

"Under the Workmen's Compensation Act the fact that the injury was caused by the act of some other person, or by some extraneous phenomenon of nature, does not prevent the injury from having 'arisen out of' the employment. if it was caused by (1) the employer or fellow employee, or (2) the injured employee's act of protecting the employer's property, or (3) the injured employee's being placed, by the nature of his work, in a position subjecting him to a greater hazard of injury by lightning, sunstroke, storm or the like than other people in the same vicinity who are not engaged in such work: providing the other elements of liability are present. But said classification is not exclusive. and other classifications may arise if they meet the tests herein reviewed."

In the body of the opinion we used the following language:

"For an injury to have arisen 'out of' the employment, it must be apparent to the rational mind. upon consideration of all the circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury. If it can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the employment, then it arises out of the employment. But the phrase excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard under which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and must be incidental to the character of the business. It must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

See, also Indian T. I. O. Co. v. Lewis, 165 Okla. 26, 24 P.2d 647, to the effect that there must be a causal connection between the condition under which the work is required to be performed and the resultant injury.

We think there can be little doubt that the duties of a night watchman in charge of such a plant and premises may be said to peculiarly subject him to the danger of encountering marauders and trespassers, and that it is well known that danger attends such encounters, and that such danger is reasonably incident to that type of employment.

It is true that in this case the claimant has not established by demonstrative evidence or the most convincing evidence, which might sometimes be possible to produce, that the shot was fired by a person bent upon molesting the employer's property; and the evidence is such that it must be granted that it is possible the shot was fired by one who might have had a personal grudge against claimant, or possibly under some other circumstances which would show that the cause of the shot did not have its origin in connection with the nature of the work claimant was performing at the time. but the possibilities mentioned do not require a conclusion to that effect under the evidence here.

In this case we think it is necessary that the facts be examined with a view to ascertaining the reasonable inferences which flow from those facts which are clearly proven.

The employer cites the cases of Tulsa Rig & Reel Mfg. Co. et al. v. Case et al., 176 Okla. 262, 55 P.2d 777, and Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116, to the effect that claimant must prove the injury arose out of the employment, and that nothing can be presumed or inferred in that respect. We think such cases were not intended to apply the ordinary rules of evidence in industrial cases any differently than any other case. That reasonable inferences may be reached from other proven facts is, we believe, a universal rule of evidence.

In this case claimant was on duty at the time of the injury. His duties subjected him to the peculiar danger of sustaining injury from trespassers upon the employer's property. He was shot while engaged in the

act of attempting to ascertain the cause of some noise, which it is reasonable to assume was made by the person who fired the shot. In the absence of evidence to the contrary, it is most logical to infer from the nature of the employment and of the injury and all of the facts and circumstances that the shot was fired by a trespasser upon the employer's property and by one bent upon molesting the same. It is not alone sufficient to say that the property was not, in fact, molested, because the disturbance of the shooting would logically tend to cause the assailant to flee.

In this case there are no facts and circumstances shown which tend to support any theory of the cause of the shooting other than that the guardian of the employer's property was attacked by a person who was trespassing thereon, contrary to the will and interest of the owner of the property, and in conflict with the express duties of the claimant.

It is our conclusion that the facts and circumstances here shown fairly indicate that the assault was caused by the nature of claimant's employment. While it is possible that the injury did not grow out of the employment, we think from the evidence that it did, and the commission so found. We are unable to say there is no substantial evidence to support the finding of fact by the Industrial Commission that the injury was one "arising out of" the employment.

Award affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., absent. GIBSON, J., dissents.