## SINCLAIR PRAIRIE OIL MARKETING CO. v. KING et al.

No. 29160.    Oct. 17, 1939.

Edward H. Chandler, Summers Hardy, and W. H. McBrayer, all of Tulsa, for petitioner.

B. A. Hamilton, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Sinclair Prairie Oil Marketing Company, employer, own risk, petitioner, to review an award of the State Industrial Commission made to Jack R. King, respondent.

On November 9, 1937, the respondent filed with the State Industrial Commission first notice of injury and claim for compensation, in which it is alleged that he sustained an accidental injury on March 21, 1937. Hearings were conducted on December 1, 1937, May 25, 1938, July 19, 1938, and March 9, 1939, following which, on March 13, 1939, the State Industrial Commission entered its award finding that on March 21, 1937, the respondent sustained an accidental injury arising out of and in the course of his employment, by reason of which he suffered a disability to his head and left thumb. Payment was ordered for 36 weeks for partial loss of use of the left thumb. The nature of the employment or the cause and extent of the disability are not an issue in this proceeding.

The sole question presented is whether the accidental injury arose out of and in the course of the employment. The record discloses substantially the following facts: Respondent was night watchman at the treating plant at Capon, Okla., and on Sunday morning, March 21, 1937, at about 4:30 a. m., had made his rounds of the property and returned to the one-room building commonly referred to as the "dog house," and as he started to walk out of the door of said construction was attacked by a robber and sustained the injuries of which complaint is made. Petitioner relies upon some statements made by the respondent to the employees of the petitioner to the effect that the stranger who assaulted respondent demanded his money, and claims that the case comes within the rule announced in Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P.2d 647, wherein an employee who was making up his records at night was accosted by a robber and an award was vacated; Cordell Milling Co. v. State Industrial Commission, 173 Okla. 195, 47 P.2d 168, wherein an employee of the milling company on his way to obtain supplies for his truck which had stalled was accosted by a robber and an award in his favor was vacated; and Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P.2d 163, wherein two former employees who had been discharged attacked an employee on his way to his car to perform an errand for the master and an award in his favor was vacated. We hold that the case comes within the rule announced in Socha v. Cudahy Packing Co. (Neb.) 181 N. W. 706, 13 A. L. R. 513, wherein an employee at his work was injured by a fellow employee in play by the use of a compressed air hose. Therein the court said:

"If a person familiar with the whole situation could reasonably contemplate that such an accident might result from the peculiar nature and circumstances of the employment and the nature of the place where the injured man was required to work, then it may reasonably be said to arise out of it."

Compiled annotations appear in the above case at 13 A. L. R. page 540, and also in Monroe v. Williams, 94 Conn. 377, 109 Atl. 129, and notes, 13 A. L. R. 512, entitled "Applicability of Compensation Acts to Watchmen." See, also, note following Gifford v. Patterson, 222 N. Y. 4, 117 N. E. 946, 6 A. L. R. 576, and note in 15 A. L. R. page 588.

In Dolese Bros. v. Pardue, 184 Okla. 94, 85 P.2d 323, this court, considering an injury to an employee of Dolese Bros. engaged at the time of the injury in protecting the property of the employer and assailed by an unknown party by reason of which he sustained the injury, said:

"An injury to a workman may be said to arise out of the employment, within the meaning of the Workmen's Compensation Law, when it is apparent, from a consideration of all of the circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury.

"A night watchman employed to protect property from trespass, stealth, and injury is ordinarily subject to the peculiar risk of physical attack by persons loitering upon or about the premises, or bent on molesting the property thus protected."

Under the rules above announced, considering all of the facts and circumstances of the case, we are of the opinion, and hold, that the accident arose out of and in the course of the employment.

Award sustained.

WELCH, V. C. J., and OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON and RILEY, JJ., absent.