## BROOKS PACKING CO. et al. v. REED et al.

No. 29492. July 16, 1940.

*104 P. 2d 559.*

Don Anderson, of Oklahoma City, for petitioners.

Yancey, Spillers & Bush, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Brooks Packing Company, employer, and the State Insurance Fund, insurance carrier, hereinafter designated as petitioners, to review an award made to George Reed, respondent.

On June 23, 1939, respondent filed employee's first notice of injury and claim for compensation in which he stated that he was injured on May 16, 1939, by burns resulting from the explosion of a chemical. He was burned on the body from his neck to his knee and on the right arm and both hands.

At the time of the accident he was employed as a butcher in the killing department of Brooks Packing Company, a meat packing concern located at Lake Station, Sand Springs Road, Tulsa, Okla. He was in the process of sharpening a knife on a grindstone when some chemical he was using for treating meat was ignited by a spark from the

grindstone and exploded, causing the injury.

On the 27th day of July, 1939, the State Industrial Commission entered an award for temporary total disability. The cause and extent of the disability are not in dispute.

The petitioners have presented two specifications of error. First, it is alleged that the State Industrial Commission refused to make a necessary finding that respondent was making an individual experiment in disobedience to the express instructions of his employer. This allegation is based on the evidence of the owner and manager, Brooks, which disclosed that respondent with consent of his employer had begun experimenting with a chemical for the treating of meats. He had a supply of this chemical in the pockets of his clothes and while sharpening the knife as above stated the chemical was ignited by a spark from the grindstone and the explosion causing the injury resulted. There is a direct conflict in the testimony, and although it is admitted by Brooks that he authorized and consented to a prior experiment, he denied that he authorized any later experiment or authorized the respondent to have possession of the chemical around the plant. In view of our holding in Wick v. Gunn, 66 Okla. 316, 169 P. 1087; Gregory v. Oklahoma Operating Co., 139 Okla. 243, 282 P. 139, and our statute, section 13351, O. S. 1931, 85 Okla. St. Ann. § 11, therein cited and construed, we think the rule in this jurisdiction at least is that there must be a willful violation of some prescribed rule in order to defeat the right to an award, and we hold that there was no such violation shown in the case at bar. We are therefore of the opinion that the general finding made by the State Industrial Commission that the respondent was injured while in the employment is a sufficient finding upon which to base the award, and it was not necessary for the State Industrial Commission to make any further finding. On a showing of an injury arising out of and in the course of employment an award will

not be vacated for want of a specific finding. Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438; Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138.

In the second proposition the petitioners urge that the accidental injury did not arise out of and in the course of the employment for the reason that it was not a part of the duties of respondent to experiment with a chemical to treat meat, and therefore, since he was injured by the chemical, he was not injured while performing the duties of a butcher. Since the State Industrial Commission was justified in refusing to find that the accidental injury resulted from a willful violation of any rule of the employer, and the evidence shows that respondent was injured while sharpening a knife presumably in preparation for and as a part of his services as a butcher, there is sufficient evidence to support the finding that he was doing something incident to and connected with his employment. An accidental injury arises out of and in the course of employment within the meaning of the Workmen's Compensation Law when it is apparent from a consideration of all of the circumstances that a causal connection exists between the condition under which the work is required to be performed and the resulting injury. Dolese Bros. v. Pardue, 184 Okla. 94, 85 P. 2d 323; Sinclair Prairie Oil Marketing Co. v. King, 185 Okla. 570, 94 P. 2d 911; Smith v. State Industrial Commission, 182 Okla. 433, 78 P. 2d 288; Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P. 2d 308; General Outdoor Advertising Co. v. March, 150 Okla. 166, 1 P. 2d 152; Prairie Oil & Gas Co. v. McNellis, 146 Okla. 204, 293 P. 1026; Oklahoma General Power Co. v. State Industrial Commission, 108 Okla. 251, 235 P. 1095.

Section 13351, O. S. 1931, 85 Okla. St. Ann. § 11, provides in part as follows:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article

for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard of protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty. * * *"

We have examined the several cases from other jurisdictions cited by the petitioner which purport to hold to the contrary. Many of the cases are clearly distinguishable under the terms of our statute as construed by our court in the foregoing authorities. We are convinced that the State Industrial Commission was justified in finding that the accidental injury arose out of and in the course of the employment.

Award sustained.

WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur.