I respectfully dissent from the majority opinion insofar as it affirms the lower court's ruling on the exception of no cause of action interposed by Mrs. Greer, one of the defendants.
The petition, while open to criticism because of the absence of essential allegations of fact, discloses, in my opinion, a cause of action against Mrs. Greer. It is susceptible of a construction that when the accident happened the negro employee, Arthur Stovall, was acting within the scope of his duties and in furtherance of his employment with Mrs. Greer, and for this reason the case falls within the exception to the general rule that while the servant is going to and returning from the locus of his work the employer is not responsible for his tortious acts.
The petition discloses that when the Government, as a part of its shell loading plant in Webster Parish, acquired ownership of the place or property occupied by Stovall near Mrs. Greer's place of business, he was in her employ, and had been prior to that time; that the Government's acquisition forced him to seek a living place elsewhere which was found four miles away from Mrs. Greer's place whereat he worked.
It is evident from the petition that Stovall desired to continue in Mrs. Greer's employment and that she was anxious to retain his services. The nature of such services, for the purpose of determining the merits of the exception, we do not deem of importance. To effectuate the wishes of the parties, and to maintain the status of their former relationship, it was necessary that transportation for Stovall to and from his work be provided. Mrs. Greer agreed to do this and did so to the time of the accident. She agreed to furnish him her own private automobile to enable him to report timely for work each morning and return to his home after work each day. The petition states that she "loaned" him the car for said purpose but it is obvious the pleader intended and meant to say "furnish" or to convey that meaning. Anyway, it was a part of the new arrangement between the servant and the employer that transportation be furnished the former in order to have a continuance of his services.
It seems obvious that it was of considerable interest to Mrs. Greer to retain Stovall's services or else she would not have entrusted to his keeping custody and operation of her own private automobile for at least half of each day of 24 hours. Ordinarily auto owners do not care to loan their cars to anyone, not even to close friends, for so long a time. Unusual conditions and circumstances, generally underwritten with hope of profit or gain, are present when such loans are made.
The petition further sets forth that by having the use of the car, as agreed, Stovall "was able to insure his early arrival each day to do his work, all of which was for the benefit of the defendant, Mrs. Mattie I. Greer", and "to arrive earlier and more quickly at the place of business". There was a time when a distance of four miles *Page 408 
was not considered even an inconvenience to a person who resided that far from the scene of his work, but not so at present. It is now a bar to such. Quick locomotion and transportation prevails everywhere and are indispensable to the retention of adequate labor to operate any sort of work or industry. It was evidently thought so in the present case; hence the furnishing of the automobile. Surely, the early arrival of Stovall each morning to begin his work was deemed by him and Mrs. Greer of material importance or else the unusual transportation agreement would not have been exacted and acceded to. Stovall's services were evidently desired for certain hours and use of the car was necessary to insure same. Their interest in the new set-up was mutual, and, this being true, an exception to the general rule was created. 5 Am.Jur. 718, par. 379; 42 C.J. 1108, par. 868; Silent Automatic Sales Corp. v. Stayton, 8 Cir., 45 F.2d 471, 474, and cases there cited; Depue v. George D. Salmon Co.,92 N.J.L. 550, 106 A. 379; Erie R. Co. v. Wanaque Lumber Co.,75 N.J.L. 878, 69 A. 166.
In 5 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, page 197, § 3041, it is said:
"However, where a master places at the disposal of his servant an automobile to be used by the servant in going to and from his work, and where the transportation is beneficial to both, the relation of master and servant continues while the automobile is used for such purpose."
I think the allegations of the petition are sufficient to warrant trial on the merits. *Page 471