## MAGNOLIA PIPE LINE CO. v. BLACK et al.

No. 31618. Sept. 19, 1944.

*151 P. 2d 799.*

W. R. Wallace, of Oklahoma City, and Walace Hawkins, of Dallas, Tex., for petitioner.

Fred E. Suits, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 6th day of May, 1943, Charles E. Black, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the petitioner,

Magnolia Pipe Line Company, on May 12, 1942, when he was thrown from a horse fracturing his neck and back. On the 8th day of September, 1943, the State Industrial Commission entered an award under the provisions of 85 O. S. 1941 § 22 for 25% permanent partial disability, and petitioner seeks to vacate said award.

In the performance of his duties claimant customarily rode his own horse from his residence to the pipe line station and in going out to measure oil tanks on tank farm. At the request of Mr. Glover, the pipe line superintendent, claimant at the time of the accident was using the young mare owned by Mr. Glover, who desired to have said mare used for exercise and taming. During the course of his ride to one of the tanks the bridle bits broke, the made threw claimant to the ground and injured him.

It is first argued that the State Industrial Commission erred in finding that the accidental injury arose out of and in the course of the employment. The record discloses that the respondent was employed by petitioner in the Purcell, Okla., area of its pipe line and his work was that of a gauger; for this purpose he went from tank to tank at designed periods. His hours of work were from 6 p.m. to 12 midnight. On May 12, 1942, at approximately 6:35 p.m. he was riding the horse from tank to tank and had gauged the first tank on his route and was on his way to the second tank when he was thrown from the horse and struck some pipe which caused his injury.

We have said that an injury to a workman may be said to arise out of the employment within the meaning of the Workmen's Compensation Law, 85 O. S. 1941 § 1 et seq., when it is apparent from a consideration of all of the circumstances that a causal connection existed between the conditions under which the work is required to be performed and the resulting injury. Brooks Packing Co. v. Reed, 187 Okla. 551, 104 P. 2d 559; Dolese Bros. v. Par-

due, 184 Okla. 94, 85 P. 2d 323; Sinclair Prairie Oil Marketing Co. v. King, 185 Okla. 570, 94 P. 2d 911; Oklahoma General Power Co. v. State Industrial Commission, 108 Okla. 251, 235 P. 1095. If the accidental injury arises out of and in the course of the employment the only penalty set by our statute is for willful injury by the employee, injury caused solely by reason of the intoxication of the employee or a willful failure to use a safety device. 85 O. S. 1941 § 11. We are of the opinion, and hold, that the record discloses that the accidental injury arose out of and in the course of the employment.

Finally it is argued that the award cannot be sustained because there is no proof that the accidental injury and resulting disability decreased respondent's wage-earning capacity. This argument is without substantial merit since the amendment of the "other cases" provision of section 13356, O. S. 1931, authorizing an award for the percentage of permanent disability. See Laws 1941, p. 378, § 3.

The award is sustained.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., dissents.