Betty Jean ROYSTER, Petitioner,

v.

T. G. McCOY, d/b/a McCoy Rent-A-Trailer Company, Travelers Insurance Company and the State Industrial Commission of Oklahoma, Respondents.

No. 36876.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Rehearing Denied Feb. 14, 1956.

Poe, Murdock & Langford, Floyd Walker, Tulsa, for petitioner.

Sanders & McElroy, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

HUNT, Justice.

Betty Jean Royster, hereinafter called claimant, filed her claim for compensation under the Death Benefit Provision, 85 O.S. 1951 § 1 et seq., stating that her husband,

Vol Dale Royster, hereinafter called deceased, sustained an accidental injury resulting in death on December 12, 1953. The trial commissioner entered an award for the total amount, $13,500 and, on appeal to the Commission en banc, the award was vacated.

This proceeding was brought by claimant to review the order denying the award.

The deceased was employed by T. G. McCoy, doing business as McCoy Rent-A-Trailer Company at 1321 North Peoria in Tulsa, Oklahoma. On December 12, 1953, he went to work at 2:00 P.M. His working hours were from 2:00 P.M. until 10:00 P.M. daily. At 7:00 P.M. his wife, claimant herein, arrived on a city bus for the purpose of bringing deceased his dinner which he was accustomed to eating on the premises. She found deceased gone and a cash box which was kept in the middle drawer of a kneehole desk was missing. The bottom had been knocked from the middle drawer of the desk. The evidence showed that the cash box contained approximately $70 at the time of the robbery. The right-hand drawer of the desk was open. The employer testified that he left deceased in charge of the premises about 6:30 P.M. Deceased was discovered on the morning of the 13th of December, 1953, under a bridge eight and one-half miles south of Broken Arrow, where he had been left after being shot by one of two Negroes who had robbed the premises and abducted deceased, and carried him away in an automobile owned by one of the Negroes. During the robbery of the premises, the robbers took a trailer hitch for a Buick automobile and some open end wrenches used especially for trailers. Near deceased's body they found three dimes and two pennies. His pockets were empty. A billfold belonging to deceased was found in a puddle or pool of water. There was no money in the billfold. There is evidence to indicate that at the time of his abduction deceased had about $40 on his person. The trailer hitch, the open end wrenches and the forty-five caliber used in the shooting of deceased were also found. The record discloses that the robbers were apprehended and tried for the murder of deceased, and also contains,

by stipulation, subject to objection as to competency, materiality and relevancy, complete transcript of the testimony of some eight witnesses at the trial of the defendant, Fields. In connection with this portion of the record we observe the case of Fields v. State, referred to in petitioner's brief, was appealed, and the conviction and life sentence of this defendant was affirmed, Okl.Cr., 284 P.2d 442.

Claimant argues that the State Industrial Commission erred as a matter of law in finding that the injury and death did not arise out of and in the course of the employment.

■ The great weight of authority is that an assault by one other than an employee upon an employee committed during an attempt to molest or rob the premises of the employer arises out of and in the course of the employment. See annotations in 15 A.L.R. 595; 21 A.L.R. 760; 29 A.L.R. 442; 40 A.L.R. 1127; 72 A.L.R. 114; 112 A.L.R. 1258. In the preliminary statement discussing the cases found in 112 A.L.R. beginning at page 1262, it is stated:

"When there is some causal connection between the employment and the assault, or where the conditions of the employment have the effect of exposing the employee to an assault, it is generally held, in the absence of extenuating factors, that the injury is compensable."

This court has considered cases of assault on an employee by one other than an employee. In Dillon v. Dillman, 133 Okl. 273, 272 P. 373, an award was given claimant where he was attacked by a drunken man who attempted to borrow the employer's horse or mule. In Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689, an award was given to claimant who was attacked by an angered passenger over discussion of a fee. In Sinclair Prairie Oil Marketing Co. v. King, 185 Okl. 570, 94 P.2d 911, an award was sustained where a night watchman was shot by an unknown assailant. A similar award was sustained in Dolese Bros. v. Pardue, 184 Okl. 94, 85 P.2d 323. In Town of Granite v. Kidwell, Okl., 263 P.2d 184, an award was sustained where a deputy sheriff was shot by a town constable.

Respondents contend that the question of whether or not the death arose out of the employment was one of fact to be decided by the Commission, and that its finding that the death did not arise out of the employment and was therefore not compensable is supported by the evidence and inferences therefrom. In support of this contention respondents cite Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647, wherein an award was vacated where claimant was shot by a robber who robbed him and a fellow employee while claimant was making up his records late at night on the premises of the employer. And also, Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, wherein an award was vacated where claimant was accosted by three drunken ex-employees who imagined that he had been instrumental in causing their discharge by the employer. In each of these cases it was announced that where the assault was for a personal reason against the employee it did not arise out of and in the course of the employment. In neither was there arv attempt to molest or rob the premises of the employer.

Respondent also undertakes to distinguish Dillon v. Dillman, supra, from the case at bar by stating that it and other cases cited by petitioner "involves circumstances where the assault resulting in death arose simultaneously with an act immediately involving the performance of a duty or an act of the Claimant connected then and there with the protection of the employer's property." We consider this as an admission that if such circumstances are here involved, then the rule announced in Dillon v. Dillman, and other cases cited, supra, would be applicable here.

Following the annotations in 112 A.L.R. 1262 are a number of cases. In Louie v. Bamboo Gardens, Idaho, 185 P.2d 712, an award of claimant was sustained where an enraged Chinese entered the restaurant where claimant was employed and began shooting at random. In Zolkover v. Industrial Accident Commission, 13 Cal.2d 584, 91 P.2d 106, an award was sustained where claimant was injured when he was sent by his employer to a neighboring establishment and was attacked by a Mexican with a knife. And in Fireman's Fund Indemnity Co. v. Industrial Accident Commission, 61 Cal.App.2d 335, 143 P.2d 104, an award was sustained where a janitor was injured by one other than an employee who frequented the place as a customer and began shooting at the bartender because of a reprimand by the bartender.

■ We have very carefully reviewed this entire record and can reach no other conclusion than that the petitioner's decedent was in the employment of respondent; that he was at his place of employment in charge of his employer's money and property and in the performance of his regular duties, during his regular hours, when the robbery of his employer's premises occurred, and in the course thereof he was abducted and killed. That the actual killing occurred at a place some several miles away from the place of business is of no importance here since the robbery of the premises, the abduction and ultimate killing were all one and the same transaction. The act of the murderer or murderers had its inception in the robbery of the employer's premises. We are, therefore, forced to conclude that the injury causing the death of petitioner's decedent arose out of and in the course of the employment, and that the State Industrial Commission erred as a matter of law in its finding to the contrary.

The question as to whether the place of employment was in a criminally hazardous environment, as contended by petitioner and testified to by some of the witnesses, is not necessarily material or controlling herein under all the facts as disclosed by the record, and we deem it unnecessary to pass on that question in this appeal.

The order denying the award is vacated and the cause remanded to the State Industrial Commission with directions to grant an award.