**Lester L. LEMMONS, Petitioner,**

v.

**UTILITY EQUIPMENT COMPANY, Employers Mutual Liability Insurance Company and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 37896.**

Supreme Court of Oklahoma.

April 1, 1958.

Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

**CORN, Vice Chief Justice.**

Lester L. Lemmons, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Utility Equipment Company he sustained an accidental injury arising out of and in the course of his employment on February 9, 1957. The trial commissioner denied an award which order was affirmed by the Commission en' banc and claimant brings this proceeding against the employer and its insurance carrier, Employers Mutual Liability Insurance Company, hereinafter called respondents, to review the order denying the award.

Claimant testified that he arrived at his place of employment at 7 o'clock on the morning of February 9, 1957. His duties were to clean up the shop and assist generally in work at the shop and to run errands. Claimant parked his personal automobile near the rear door of the shop and connected the battery of his automobile to an electric quick charger. While examining the battery during the charging the battery exploded injuring claimant's eyes. Claimant testified that he had charged a battery of a car owned by Richard Selby, shop foreman, and with the consent of Selby charged a battery of an automobile owned by one of the other employees working in the office. Claimant further testified that on two occasions he had used his own automobile to run errands.

Robert Katigan, office manager and Richard Selby, shop foreman, denied that claimant had used the personal automobile of claimant for errands with their consent, and Selby testified that when he was advised by claimant that claimant intended to use his personal automobile Selby advised claimant to use the automobile owned by Selby since the employer paid for its use.

O. B. Martin, Oklahoma City, for petitioner.

Claimant presents the single proposition that the State Industrial Commission erred as a matter of law in finding that his injury did not arise out of and in the course of his employment. Claimant argues that the use of the automobile in the work of the employer and the use by himself as an employee and for others of the quick charge machine rendered the action in and about the charging of the battery an incident of his employment. He cites Weatherbee Electric Co. v. Duke, Okl., 294 P.2d 298; Governair Corporation v. District Court of Oklahoma County, Okl., 293 P.2d 918; Bishop's Restaurant, Inc., v. McKim, 208 Okl. 631, 258 P.2d 170; and Brooks Packing Co. v. Reed, 187 Okl. 551, 104 P.2d 559, and other cases. In Weatherbee Electric Co. v. Duke, supra, it was held the employee was killed while hauling tools at the direction of the employer. In Brooks Packing Co. v. Reed, supra, claimant was injured while sharpening a knife used in his employment. The other cases cited by claimant can likewise be distinguished from the case under consideration.

In R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, 982, we said:

"* * * It seems to be agreed that the expressions 'arising out of' and 'in the course of' are not synonymous, the first referring to the origin or cause of the accident and the second to the time, place, and circumstances under which it occurred. Oklahoma Gas & Electric Co. v. Stout, 179 Okl. 312, 65 P.2d 477; 28 R.C.L. 797; 71 C.J. 644. The first refers to causal connection. Under it 'the act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto.' 71 C.J. 652. See also Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163. * * *"

In Owens v. McCallum & Forber, 186 Okl. 305, 97 P.2d 754, 755, we stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on appeal. Oklahoma Gas & Electric Co. v. Santino, 158 Okl. 70, 12 P.2d 221."

See, also, Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953.

 The evidence offered by claimant was disputed by the employer. There is competent evidence tending to support the finding of the State Industrial Commission and the order denying the award is sustained.