## LEONE DAVIS v. S. S. KRESGE & COMPANY AND ANOTHER.[1]

December 3, 1926.

No. 25,477.

**Dependents of employe who was killed in attempted robbery entitled to compensation.**

An employe in the store of the defendant employer was shot and killed while carrying a bag of money, collected from the cash registers, to the cashier's office. The evidence sustains the finding of the commission that the motive was robbery. The employe's dependents were entitled to compensation under the Workmen's Compensation Act.

Workmen's Compensation Act, —C. J. p. 80 n. 24 New; p. 115 n. 37; p. 122 n. 40.

See notes in 15 A. L. R. 588; 21 A. L. R. 758; 29 A. L. R. 437; 28 R. C. L. 788; 3 R. C. L. Supp. 1593; 4 R. C. L. Supp. 1853; 5 R. C. L. Supp. 1565; 6 R. C. L. Supp. 1754.

Certiorari to review the order of the Industrial Commission awarding compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*Denegre, McDermott & Stearns*, for relators.

*John M. Prins*, for respondent.

[1]Reported in 210 N. W. 1003.

DIBELL, J.

Certiorari to review the order of the Industrial Commission awarding compensation to the widow and dependent child of Harry Davis who came to his death while in the employ of the defendant S. S. Kresge & Company. The defendant Employers Liability Assurance Corporation is the insurer.

The Kresge company operated a retail store in St. Paul. Davis was the floorman. There were 40 cash registers in use in different parts of the store. It was an incidental duty of Davis to assist the lady cashier in making collections from the registers and taking them to the cashier's office on the balcony floor. On March 28, 1925, at 5 in the afternoon, the collections, amounting to $1,100 had been made, and Davis was carrying them in a bag to the office, the cashier preceding him a few steps. Their way was up an inclosed and well lighted stairway. When halfway up they were met by a man who, in the words of the cashier, "held a handkerchief up over his nose." After they passed the cashier glanced around. She says "this man stood up against him in a threatening way." She ran upstairs. Her explanation is: "I thought it was robbery and I was going to report it." The shot was fired as she reached the head of the stairs. There is evidence that she exclaimed: "It's a hold up." No one saw the shooting. Just before an employe on the balcony floor saw a man come to the head of the stairs, turn around and start down. It is inferable that this man shot Davis.

After the shooting Davis went to the top of the stairs, dropped the bag of money in front of the cashier's window, cried: "Help, help," went to a lounge in the waiting room, and died without saying more. The money in the bag was intact. The identity of the assailant is not disclosed. It is not shown that he was acquainted with Davis. He disappeared and nothing more is told us of him. No one, except as stated, saw him before the shooting, and no one saw him afterwards.

The statute gives compensation "when personal injury or death is caused to an employe by accident arising out of and in the course of his employment." G. S. 1923, § 4261. The phrase quoted is

defined as not including "an injury caused by the act of a third person or fellow employe intended to injure the employe because of reasons personal to him, and not directed against him as an employe, or because of his employment." G. S. 1923, § 4326 (j).

That the killing of Davis was felonious is not questioned. Nor is it questioned that he was killed in the course of his employment. The contention is that his killing did not arise out of his employment. If his assailant killed him from a personal motive there can be no compensation. Such killing would not arise out of his employment. If he killed him in an attempted robbery there should be compensation. Such a killing would arise out of his employment.

The commission was justified in finding that Davis was killed in an attempted or intended robbery. Such is the natural inference to be drawn from the facts disclosed. When the assailant is apprehended and all the facts are shown, a different view may be suggested, or that taken by the commission may be confirmed. It does not matter. The commission reached the conclusion which should have been reached on the facts before it.

The only question is whether the evidence sustains the commission's finding, and a review of the cases is not desirable. Many of illustrative value are collected in the notes in 15 A. L. R. 586, 594-597; 21 A. L. R. 755, 760; 29 A. L. R. 437, 442.

Order affirmed.