In the Matter of the Claim of ROBERT H. CRIPPEN, Respondent, against THE PRESS CO., INC., and Another, Appellants.*

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. The claimant was injured in an assault made on him while on the street, in Albany, presumably by a striker. He was a printer working with others in the place of the regular men who had gone out on a strike. At the time of the assault he was returning from a restaurant with his wife where they had been for their evening meal. In affirming the award we distinguish this case from Matter of Lampert v. Siemons (235 N. Y. 311), and similar cases, because of its peculiar facts. An official of the company testified that claimant and the other employees were subject to call to work as many hours as it was required to get out the newspaper to catch trains; that they actually worked all hours of the twenty-four, and were on duty all of the twenty-four hours subject to call. They were on eight-hour shifts but they might be called to work sixteen other hours some days; and at one time, when some of the men joined the strikers, " then it was necessary to work our remaining men until they dropped." The men were housed at the

Capitol Hotel near the plant. A representative of the employer was there at all times to send men to work as needed. They were called from their rooms or from wherever they might be. They were allowed to go out to eat for a reasonable period but that was all; and were under the control of the employer and must be available to go to work whenever the employer wanted to call them. The company had need of every individual at times and each had to remain on duty subject to call in any emergency. The claimant was still subject to call when he went to the restaurant. It is evident that the employer regarded these men in its employ during a twenty-four hour day, and retained direction and control over them. Their employment did not cease when they left the plant; they were merely at rest. It is not difficult, therefore, to reach the conclusion that the accident arose out of and occurred in the course of claimant's employment. Davis, Whitmyer, Hill and Hasbrouck, JJ., concur; Van Kirk, P. J., dissents and votes to reverse, on the ground that at the time he suffered his injury the claimant was on State street, in the city of Albany, with his wife returning from a dinner, a considerable distance from the place of his employment; and the place furnished him for his dwelling, during his employment, was outside the ambit of his employment and where he could not be called for duty until he had again reported. Award affirmed, with costs to the State Industrial Board.