Pierce, Follens & Rucker, for petitioners.

Murrah & Bohanon and J. I. Gibson, for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission in favor of claimant, J. P. Neal, against petitioner, Eason Oil Company.

Claimant was employed by the petitioner as a switcher on one of its oil leases near Oklahoma City, and on January 21, 1933, between the hours of 8:00 and 10:00 o'clock p. m., claimant was injured as a result of an altercation with two members of the state militia. The nature of the injury was a fractured skull. The award was for temporary total disability.

The sole contention of petitioner is that the injury did not arise out of the employment.

The only testimony offered was that of claimant. He testified that his hours were from 12:00 o'clock noon until 12:00 o'clock midnight; that after 9:00 o'clock p. m. he was the only employee on duty; that on the date of his injury the two militiamen came upon the lease and made their usual inspection and after they concluded, a conversation was started in which claimant "razzed" the parties about some previous dealings in connection with the inspection on the lease. Some ugly language was exchanged between them. Claimant then started for the house of the foreman, a short distance away, to report that the militiamen had made their inspection, as he had been ordered to do. The two officers followed him in their automobile and about the time he reached the gate of the foreman's yard, they caught up with him and jumped out of the car and approached him, using violent insulting language. He swung his lantern at one of them, but was struck on the head, he thought, with some instrument and knocked unconscious. Upon returning to consciousness, he went into the house of the foreman and reported the trouble. It was stipulated that the attending physician would testify that he sustained a fractured skull as a result of the altercation.

This court has been called upon several times to pass upon cases involving facts similar to the facts presented here, the most recent opinion being Pawnee Ice Cream Co. v. Cates, 164 Okla. 48, 22 P. (2d) 347, wherein it is said:

"Where an employer, in a sudden fit of insanity, makes an assault upon his employee and injures him, while the latter is engaged in the work of the former at the regular place of his employment, such injury is an accidental personal injury arising out of and in the course of the employment within the meaning of the term as used in the Workmen's Compensation Act."

In the case of Dillon v. Dillman, 133 Okla. 273, 272 P. 373, an employee was in charge of the employer's team while assisting in having them shod and was approached by a drunken man who wanted to borrow one of the horses, and when refused, shot the employee. The court held that the injury arose out of and in the course of the employment and sustained an award for compensation. The court also said that it was immaterial whether or not the party who struck the blow was a fellow employee, as the statute does not limit recovery to injuries received from fellow employees.

In the case of Maney & Alley v. Fletcher, 140 Okla. 54, 282 P. 153, a claimant was injured in a fight with another employee, which fight arose over a dispute about the number of hours claimant had worked on the preceding day. An award entered by the Commission was sustained and the rule announced that the question as to whether an

injury arose out of and in the course of employment is a question of fact to be determined by the Commission under the circumstances of each case.

In the case of Indian Territory Illuminating Oil Co. v. Jordan, 140 Okla. 238, 283 P. 240, this court sustained an award in favor of an employee who was injured in an assault by a fellow workman.

See, also, Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 P. 1062; Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92.

The case of Stasmos v. State Industrial Commission, 80 Okla. 221, 195 P. 762, seems to be the parent case involving injuries of this nature. The rule as announced therein is as follows:

"Injury resulting from an assault by a workman upon a fellow workman while the latter is engaged in the work of the master is an 'accidental personal injury arising out of and in the course of employment' within the meaning of the term as used in section 1, art. 2, of the Workmen's Compensation Act.

"The test of liability under the Workmen's Compensation Law for injuries arising out of and in the course of employment is, not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority, but is the relation of the service to the injury, of the employment to the risk."

The following statement appears in the body of the opinion:

"It is now well settled in these workmen's compensation cases that the fact that an injury is the result of the willful or criminal assault of another does not prevent the injury from being accidental. In re McNicol (Mass.) 102 N. E. 697, L. R. A. 1916A, 309, and notes; L. R. A. 1917D, 112; Western Indemnity Co v. Pillsbury (Cal.) 151 P. 398; Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491; Re Heitz, 218 N. Y. 148; In re Von Ette, 223 Mass. 56; Willis v. Pilot Butte Mining Co. (Mont.) 190 P. 124; 1 C. J. 390, and cases cited."

See, also, Industrial Commission of Colorado v. Pueblo Automobile Company, 71 Colo. 424, 207 P. 479, 23 A. L. R. 348; Verschlier-ser v. Joseph Stern & Son, 229 N. Y. 192, 128 N. E. 126. The above authorities are decisive and are controlling herein, and the award of the Commission is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.