**TOWN OF GRANITE et al.**

v.

**KIDWELL et al.**

No. 35723.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Mont R. Powell, William R. Saied and Sam Hill, Oklahoma City, for petitioners.

Carder & Carder, Hobart, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

Claimant, Denny W. Kidwell, filed his claim for compensation against the respondents, Town of Granite and State Insurance Fund, for an award due to an accidental injury. Following hearings conducted to determine the cause and extent of the disability an award was entered, the provisions of which are not in dispute.

This proceeding to review the award is brought by respondents, petitioners herein, and raises the single issue that the accidental injury did not arise out of and in the course of the employment. The record discloses that claimant was appointed Town

Marshal of Granite, Oklahoma, on July 5, 1950, and was so acting on the 18th day of August, 1950, when he was shot by Tom Parks, a deputy sheriff, sustaining the injury resulting in the disability for which the award was made. The evidence further discloses that on or about the 14th day of August, 1950, claimant discovered the loss by theft of some automobile tires belonging to a citizen of the Town of Granite. He located the tires at the Walter Allen Filling Station in or near the Town of Granite, Oklahoma, and took them to the City Hall in Granite. He called the sheriff, Tom Owen, and attempted to get the sheriff to prosecute the persons claimant thought had stolen the tires. He was unsuccessful in this attempt. On the morning of August 18, 1950, Tom Owen, County Sheriff of Greer County, and Tom Parks, Deputy Sheriff under Tom Owen, were sitting in an automobile in front of the City Hall; claimant testified that he passed their car and either spoke casually or said nothing and walked on by; that the sheriff and deputy sheriff went to the filling station where the tires had been obtained; that claimant followed them to the filling station and entered into a conversation with the sheriff which resulted in the sheriff demanding a deputy commission held by claimant. Claimant delivered his card showing that he was a deputy and it was destroyed by the sheriff. The sheriff and the deputy sheriff, Tom Parks, who had formerly been the only Town Marshal of Granite and was not acting as Town Marshal for the reason he had been ill, returned to the City Hall and were sitting in the automobile owned by the sheriff. Claimant walked by this automobile and claimant states that the sheriff called him over to talk to him. This is disputed by the sheriff. The sheriff states that claimant approached the automobile and began using vile and threatening language and that both the sheriff and Tom Parks told claimant they did not want any trouble. Claimant then went to a local barber shop where he remained for a few moments and was returning across the street passing the car in which Tom Parks, deputy, was parked. Tom Parks had left the car of the sheriff and gone to his own car. It was at this time that claimant was shot twice by Tom Parks while Tom Parks was seated in the automobile, which shooting resulted in the disability to claimant. Claimant states that when he approached the automobile the first time the sheriff told him that he wanted to talk to him and wanted his cooperation, evidently in connection with the prosecution of those guilty of stealing the automobile tires. Claimant further states that when he approached the car of Tom Parks after he had returned from the barber shop Tom Parks called to him and said he wanted to talk to him. Tom Parks denies this, and states that claimant was approaching his automobile with a knife.

The sheriff testified that if claimant had a knife he did not see it, and the sheriff had formerly testified that when Danny Kidwell approached the car the first time before he went to the barber shop, he stated that he was barehanded and would take on both the sheriff and the deputy sheriff.

It is the sole contention of petitioners that the accidental injury did not arise out of and in the course of claimant's employment. Claimant had been employed and was acting as Town Marshal because of the illness of Tom Parks. Tom Parks was on special or partial duty due to such illness. Claimant was acting as a peace officer according to the testimony of himself and a city official, and was on duty day and night.

It is now the well-settled rule that the fact that an injury is the result of the willful or criminal assault of another does not prevent the injury from being an accident within the meaning of the Workmen's Compensation Law. Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240; Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okl. 295, 262 P. 1062; Stasmas v. State Industrial Commission, 80 Okl. 221, 195 P. 762, 15 A.L.R. 576; Eason Oil Co. v. Neal, 166 Okl. 40, 26 P.2d 197; Pawnee Ice Cream Co. v. Price, 164 Okl. 120, 23 P.2d 168; Pawnee Ice Cream Co. v. Cates, 164 Okl. 48, 22 P.2d 347; Sholl v. Industrial Commission, 366 Ill. 588, 10 N.E.2d 360, 112 A.L.R. 1254; Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11. See,

also, annotations following Sholl v. Industrial Commission, supra, 366 Ill. 588, 10 N.E.2d 360, 112 at page 1258 et seq.

In Hartford Accident and Indemnity Co. v. Cardillo, supra, it is said [72 App.D.C. 52, 112 F.2d 17]:

" * * * The provision is: 'No compensation shall be payable if the injury was occasioned *solely* by the intoxication of the employee or by *the willful intention* of the employee to injure or kill himself or another.' (Italics supplied.)

"This provision, reinforced by the statutory presumptions and the Act's fundamental policy in departing from fault as the basis of liability and of defense, except as specified, is inconsistent with any notion that recovery is barred by misconduct which amounts to no more than temporary lapse from duty, conduct immediately irrelevant to the job, contributory negligence, fault, illegality, etc., unless it amounts to the kind and degree of misconduct prescribed in definite terms of the Act. It is entirely inconsistent with reading into the statute the law of tort causation and defense, where liability is predicated on fault and nullified by contributory fault. * * * *"

The statute there discussed with the exception of the use of the work "kill" is almost identical with 85 O.S.1951 § 11. In Oklahoma-Arkansas Telephone Co. v. Fries, supra, we said:

"An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In Indian Territory Illuminating Oil Co. v. Jordan, supra, it is stated [140 Okl. 238, 283 P. 241]:

"The one fact in such situations that will relieve the employer is that the injured workman was the aggressor. That fact, however, in the case at bar, was found in favor of claimant. A close scrutiny of the finding of the commission reveals that the assault arose over a wrench from which the injured claimant had been sent by his foreman, and, while it is true that the commission found that there existed ill will between the participants in the fight, which ill will arose from matters not connected with the employment, it is obvious that the difficulty was not wholly disconnected from matters pertaining to the employment, but actually grew out of the scope of and in pursuit of the employment of respondent."

We think what was stated in the latter case applies here. Claimant was Town Marshal of Granite. He was on duty. He owed a duty to the citizens of Granite even to demanding a prosecution of those he thought guilty of molesting the property of a citizen. There was evidence to support the finding that the injury arose out of an attempt to enforce that duty.

As above stated, the testimony is in irreconcilable conflict as to what was said in the two conversations before the shooting occurred. This question was entirely within the province of the State Industrial Commission for its determination. The question of whether an accidental injury arises out of and in the course of the employment is one of fact. Oklahoma Gas & Electric Co. v. Santino, 158 Okl. 70, 12 P.2d 221, and Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. Any reasonable doubt as to whether the injury arose out of and in the course of the employment should be resolved in favor of the employee. Tingey v. Industrial Accident Commission, 22 Cal.2d 636, 140 P.2d 410.

The finding of the State Industrial Commission is supported by competent evidence, and under the above authorities this court will not vacate the award.

Award sustained.