Jake SAMARA, d/b/a Sussy's No. 1 Restaurant, and Western Casualty and Surety Company, Petitioners,

v.

John L. LUSK and the State Industrial Court, Respondents.

No. 39437.

Supreme Court of Oklahoma.

Sept. 19, 1961.

Looney, Watts, Looney, Nichols, & Johnson, Oklahoma City, for petitioners.

Blumenthal, Gray & Cohen, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

John L. Lusk, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Jake Samara, doing business as Sussy's No. 1 Restaurant, he sustained an accidental injury arising out of and in the course of his employment on October 19, 1959. This date was subsequently changed

to September 12, 1959. An award was entered for disability to the hand and this proceeding is brought by the employer and its insurance carrier, Western Casualty and Surety Company, hereinafter called petitioners to review the award.

█ The evidence is in irreconcilable conflict. We must assume by reason of the finding for claimant that the State Industrial Court chose to believe the testimony offered to establish the following facts: Claimant, a chef for the employer, was employed at Restaurant No. 1 where his hours of duty as chef commenced at 10 A.M. and terminated at 2 A.M. the following morning. It was customary at this time of the week for employer to deliver funds to claimant to make necessary purchases over the weekend for the restaurants, three in number, operated by the employer and for those purchases employer, Jake Samara, delivered to claimant $500 just before he left the premises of the Restaurant No. 1 at 2 A.M. on September 12, 1959. After leaving the restaurant claimant went to Jordan's Corrall, 1216 N. Eastern, arriving there at approximately 2:45 A.M. At that time, according to the manager, Joe Jordan, the name had been changed to the Savoy Club. Claimant stood at the bar or counter and then sat at a table. He ordered a cup of coffee and sat by J. P. Morgan, manager of one of the Sussy Restaurants. Two men attacked claimant, one pretending to fight while the second man reached in claimant's pocket to obtain the money employer had given claimant. The man obtained a list of supplies to be purchased by claimant for Sussy's Restaurants and did not obtain the money. It was during this fight that ensued claimant was injured while attempting to defend himself against the assault and robbery by the two men.

The sole issue presented by petitioners is, there is no competent evidence reasonably tending to support the finding of the State Industrial Court that the accidental injury arose out of and in the course of the employment. In an annotation in 112 A.L.R. at page 1262, it is stated:

"Where there is some causal connection between the employment and the assault, or where the conditions of the employment have the effect of exposing the employee to an assault, it is generally held, in the absence of extenuating factors, that the injury is compensable."

█ In Dillon et al. v. Dillman et al., 133 Okl. 273, 272 P. 373, an award was made to claimant where he was attacked by a drunken man who attempted to borrow the employer's horse. In Royster v. McCoy et al., Okl., 293 P.2d 587, claimant was awarded death benefits when her husband was killed on the banks of a creek where he had been taken after an assumed robbery of the premises of the employer. In Selser v. Bragmans Bluff Lumber Company, La. App., 146 So. 690, an award was entered where the employee was killed by bandits while on the way to visit one of the employer's camps to inspect tools and equipment. In Crippen v. Press Co., 228 App. Div. 727, 239 N.Y.S. 102; 254 N.Y. 535, 173 N.E. 854, an award was affirmed where claimant was one of the men hired to replace strikers and was assaulted while on the street presumably by a striker. In Davis v. S. S. Kresge & Co., 169 Minn. 245, 210 N.W. 1003, an award was affirmed where the employee was shot and killed while carrying a bag of money collected from cash registers and the evidence disclosed that the motive was robbery. In Wilson Berger Coal Co. v. Metcalf, 231 Ky. 93, 21 S.W.2d 112, an award was made for death of an employee, also a deputy sheriff, who went off the premises of the employer to quiet a disturbance between outsiders and employees of the employer. And in Gardner v. Industrial Accident Commission et al., 73 Cal.App.2d 361, 166 P.2d 362, an award was made to an employee who was injured while in after hours he was ejecting an unruly customer from the premises of the employer.

As held in Dillon v. Dillman, supra, and Sinclair Prairie Oil Marketing Co. v. King et al., 185 Okl. 570, 94 P.2d 911, an accidental injury arises out of and in the course

of the employment where it occurs while the employee is protecting the property entrusted to him by his employer.

There was evidence from which the State Industrial Court was authorized to find that the motive causing the injury was the robbery of claimant whose duty is was to protect the money of his employer and that the accidental injury arose out of and in the course of the employment.

Award sustained.

WELCH, DAVISON, JOHNSON and BERRY, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V.C.J., and JACKSON and IRWIN, JJ., dissent.