**J. B. MULLINS, d/b/a A. & H. Lumber Company, Petitioner,**

v.

**Albert Eugene TANKSLEARY and State Industrial Court, Respondents.**

No. 40080.

Supreme Court of Oklahoma.

Nov. 7, 1962.

James A. Worrell, Altus, Tony Jack Lyons, Pryor, for petitioner.

Robert E. Lavender of Bassmann, Gordon, Mayberry & Lavender, Claremore, for respondents.

WELCH, Justice.

Under review in this proceeding is the trial tribunal's decision finding claimant's injury from an assault by a third person to have arisen out of his employment.

The material facts are not in serious dispute. Claimant, a laborer, 45 years of age, was engaged by the employer on September 22, 1961, to assist in unloading sheetrock from a railroad car and in delivering it to the Chouteau Lumber Company. While on the premises of the Chouteau Lumber Company, bringing in a second truck load of sheetrock, claimant encountered an employee of that company, one Dan Chupp, who was standing about fifteen to twenty feet away from him. According to one version of the incident which followed, claimant, addressing himself to Chupp, asked "Say, Dubby, where do you want this sheetrock stacked?" Chupp, who mistook the appellation for "Dopey" or "Dummy," began to advance towards claimant, demanding three times to have the epithet repeated. Although claimant did reassure him the word used was "Dubby," Chupp insisted he had been called "a bad name." Stating he would "allow nobody to smear my name," Chupp hit claimant with his fist in the right side of the face. The incident was witnessed by two of claimant's co-workers, who gave testimony for the employer; neither of them was certain as to what diminutive nickname claimant had used in calling Chupp. Shortly after the incident, Chupp admitted the encounter resulted from a misunderstanding of claimant's remarks. As reflected by an affidavit or stipulation in the record, Chupp believed he had been called "Dopey." It is uncontroverted that the two men hardly knew each other before. There had been no ill-will or animosity between them.

The sole issue raised by the employer on review is whether there is competent evidence to support the trial tribunal's decision finding the assault to have arisen out of claimant's employment.

■ It may be stated as a general rule of law that where an employee is assaulted by a third person through animosity, ill-will or other "personal" causes wholly disconnected from employment, or where a wilful injury is inflicted by an unknown assailant for no apparent reason, no recovery may be awarded for resulting disability even though the assault occurred when the workman was discharging the duties of his employment. Under the circumstances so outlined, the injury is not regarded as arising out of employment, but is deemed attributable to a purely personal risk. Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, 164; Cordell Milling Co. v. State Industrial Commission, 173 Okl. 195, 47 P.2d 168; Brant-

ley v. State Industrial Commission, Okl., 315 P.2d 779.

When a wilful injury is inflicted by a third party, who is the aggressor, upon a workman discharging the tasks he is engaged to perform, and the assault is not motivated solely by personal animosity, wholly disconnected from the employment, the resulting injury is regarded as accidental and as having arisen out of and in the course of employment. Samara v. Lusk, Okl., 364 P.2d 1113, 1114; Royster v. McCoy, Okl., 293 P.2d 587; Eason Oil Co. et al. v. Neal et al., 166 Okl. 40, 26 P.2d 197; Town of Granite et al. v. Kidwell et al., Okl., 263 P.2d 184.

The general rule, quoted in Samara v. Lusk, supra, from an annotation in 112 A.L.R. at p. 1262, is:

"Where there is some causal connection between the employment and the assault, or where the conditions of the employment have the effect of exposing the employee to an assault, it is generally held, in the absence of extenuating factors, that the injury is compensable."

See, also, 99 C.J.S. Workmen's Compensation § 227, p. 765.

In making his inquiry concerning a suitable place for stacking sheetrock, claimant was acting pursuant to the express duties of his employment. The argument with Chupp was of a spontaneous character and had no relation to any ill-will, animosity or personal quarrel wholly apart and disconnected from the employment. It therefore follows that the necessary antecedent to the assault lay within that range of work-connected peril which was inseparable from the risk incidental to employment. Eason Oil Co. et al. v. Neal et al., supra; Town of Granite et al. v. Kidwell et al., supra; see, also, Sanders v. Jarka Corporation et al., 1 N.J. 36, 61 A.2d 641; Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11.

The question of whether an injury arose out of employment is one of fact to be determined by the State Industrial Court whose finding on such issue will not be disturbed on review when supported by competent evidence. Any reasonable doubt as to whether an injury did in fact arise out of employment should be resolved in favor of the workman. Terry Motor Company v. Mixon, Okl., 361 P.2d 180, 182; Town of Granite v. Kidwell, supra.

It is entirely reasonable to conclude from the record before us that claimant's work brought about the exposure to peril and formed the underlying basis of a chain reaction which ultimately culminated in the assault upon him. It might well be the finding of the trial court that all the events antecedent to the assault were rational consequences of a risk incident to the duty of employment.

The proceeding is free from error of law and the challenged finding is supported by competent evidence.

Award sustained.