Bill BURRELL and Joe Marsh, d/b/a Burrell's Service Station and Iowa Mutual Insurance Company, Petitioners,

v.

John David PREWITT, Jr., and State Industrial Court, Respondents.

No. 42497.

Supreme Court of Oklahoma.

Sept. 17, 1968.

H. A. (Bud) Carter, Oklahoma City, for petitioners.

Bill Pipkin, Homer Cowan, Moore, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award of the trial judge allowing the respondent, John David Prewitt, Jr., claimant below, compensation benefits, under the provisions of the Oklahoma Workmen's Act against the petition-

ers, Bill Burrell and Joe Marsh doing business as Burrell's Service Station and Iowa Mutual Insurance Company, respondents below. Parties will be referred to as they appeared before the State Industrial Court.

It is admitted that claimant was employed by respondent on the date of the alleged accident and sustained injuries. The insurance coverage is admitted. The sole defense presented in the trial court and the sole question presented here on appeal is that the accidental injuries sustained by the claimant did not arise out of and in the course of his employment. 85 O.S.1961, § 11.

This litigation arises out of a fight which occurred between claimant and one Harvey Stanfield while claimant was on duty at the respondent's service station working as a service station attendant, on May 22, 1966.

Claimant testified: Stanfield was employed at respondent's filling station until noon of May 22, 1966, "when he terminated his employment." He returned to the station about 1:30 o'clock, parked his car and went to the drag races with another person. While Stanfield was at the drag races one Simmons came to the service station and claimed to be the owner of the hub caps on Stanfield's automobile. Another employee of the service station, Benny Rempy, permitted Simmons to remove the hub caps on Stanfield's car.

Stanfield returned to the station about two hours later. He was yelling and screaming, and had an argument with Benny Rempy about the hub caps.

Claimant said to Stanfield, "Harvey, what's the matter with you?" Stanfield walked up to him and said, "Keep your g.. d... mouth shut." "I'm not talking to you." Rempy said to Stanfield, "All right, if you are looking for some trouble, let's get it over with." Stanfield went over to claimant and started to call him "every filthy name he could think of." Claimant took some wrenches out of .his pocket, walked over to Stanfield and said, "All right, if you want to fight let's

get it over with;" Stanfield stood and looked at claimant, turned around and left the station. Claimant testified he thought, "it was over with when he left."

Stanfield returned to the station in about thirty minutes. Claimant had gone out to his car to secure a clean shirt. He was reaching in the car and had his back turned to Stanfield. He did not know Stanfield had returned to the premises. Stanfield started hitting him and knocked him up against the car. Stanfield hit him about fifteen or twenty times and said "Have you had· enough" and claimant replied "Yow." Later Stanfield attempted to apologize to the claimant. Claimant declined the apology and Stanfield made a lunge toward him. One of the owners of the station grabbed Stanfield and pulled him back. Claimant complained of the injuries to his arm and Stanfield said "You don't have to act like such a pansy."

Claimant testified that he did not give Stanfield any provocation for striking him, had his back turned to him and did not see him. He had had no trouble with Stanfield before, but had known him since they attended high school together; that he knew Stanfield was an erratic fellow, carried a chip on his shoulder, caused fights and had a violent temper and "that's why he stayed clear of him."

Respondents submitted no evidence and claimant's version of the accident is undisputed. Claimant sustained a dislocated arm in the accident. Respondents do not contest the amount of the award.

In Mullins v. Tanksleary, Okl., 376 P.2d 590, we held:

"When a wilful injury is inflicted by a third party, who is the aggressor, upon a workman discharging the tasks he is engaged to perform, and the assault is not motivated solely by personal animosity, wholly disconnected from the employment, the resulting injury is regarded as accidental and as having arisen out of and in the course of employment. Samara v. Lusk, Okl., 364 P.2d 1113, 1114; Royster v. McCoy, Okl., 293 P.2d 587;

Eason Oil Co. et al. v. Neal et al., 166 Okl. 40, 26 P.2d 197; Town of Granite et al. v. Kidwell et al., Okl., 263 P.2d 184."

To the same effect, see Terry Motor Company v. Mixon, Okl., 361 P.2d 180, and Thomason v. Morrison, Okl., 321 P.2d 959.

The facts tend to show that Stanfield was the aggressor in the entire controversy. He was in a quarrelsome mood when he entered the service station and began to curse and abuse both the claimant and the other employee, Rempy. Stanfield left the premises and claimant thought "it was over with." Claimant continued with his work and was attempting to secure a fresh shirt from his car to use in connection with his work. Suddenly, Stanfield reappeared on the scene and with claimant's back turned toward him commenced beating the claimant.

There was no personal animosity between Stanfield and the claimant. Earlier in life when they were boys in high school, claimant had found Stanfield to be of a quarrelsome disposition but there was no personal animosity between the young men. Claimant said he did not run around with Stanfield and "stayed clear of him."

We have examined the cases cited in respondent's brief. They are not applicable to facts presented here and deal with situations where previous animosity was definitely established between the parties. The cases cited were distinguished in Mullins v. Tanksleary, supra, which is more applicable to the facts presented here.

■ The evidence is sufficient to sustain the findings of the State Industrial Court that the accident arose out of and in the course of the employment of the claimant. Any reasonable doubt on this question should be resolved in favor of the claimant. This issue of fact is one to be determined by the State Industrial Court and its findings on such issue will not be disturbed by this court on review when supported by competent evidence. Mullins v. Tanksleary, supra; Terry Motor Company v. Mixon, supra.

The award of the State Industrial Court is free from errors of law, is sustained by competent evidence and is by this court, affirmed.

Award affirmed and sustained.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.