B & B NURSING HOME and Commercial
Standard Insurance Company,
Petitioners,

v.

Patsy BLAIR and the State Industrial Court,
Respondents.

No. 44839.

Supreme Court of Oklahoma.

Feb. 22, 1972.

As Amended May 15, 1972.

Rehearing Denied May 16, 1972.

Rinehart, Cooper & Stewart, Oklahoma City, for petitioners.

George W. Moser, Comanche, for respondents.

DAVISON, Vice Chief Justice.

Presented here for review is an award of the State Industrial Court allowing Patsy Blair, claimant below, workmen's compensation for injuries sustained while working for petitioner, B & B Nursing Home, respondent below. Parties will be referred to as they appeared in the State Industrial Court.

The only issue presented is whether or not claimant's injuries arose "out of" her employment.

Claimant was employed and working for respondent in respondent's nursing home. Part of her duties was to check the patients' beds and launder bed clothing, and to wash shirts, pants and clothing of the patients. The laundry room is in a separate building from the main building and is a part of the nursing home.

Claimant was attacked and beaten by an unknown assailant when she entered the laundry room at approximately 3:00 o'clock A.M. in the course of her employment. When she regained consciousness she was outside the laundry room lying in a small garden. Claimant testified that she did not know whether the assailant was a man or woman. She was neither sexually assaulted nor robbed. At the time of the hearing she was still under the care of a doctor and unable to return to work.

There is no evidence that the assault was motivated by any personal animosity existing between the claimant and her assailant or that they had even known or had ever seen each other before. There is no direct evidence that the assault was motivated by any act of claimant in connection with her employment, or that the business or property of her employer motivated the assault or was connected with the assault.

In Burrell v. Prewitt, Okl., 445 P.2d 279 (1968) we quoted from Mullins v. Tanksleary, Okl., 376 P.2d 590 (1962), and held:

"When a wilful injury is inflicted by a third party, who is the aggressor, upon a workman discharging the tasks he is engaged to perform, and the assault is not motivated solely by personal animosity, wholly disconnected from the employment, the resulting injury is regarded as accidental and as having arisen out of and in the course of employment. Samara v. Lusk, Okl., 364 P.2d 1113, 1114; Royster v. McCoy, Okl., 293 P.2d 587; Eason Oil Co. et al. v. Neal et al., 166 Okl. 40, 26 P.2d 197; Town of Granite et al. v. Kidwell et al., Okl., 263 P.2d 184."

Respondent cites "a general rule of law" from Mullins v. Tanksleary, supra, stated as follows: "where a wilful injury is inflicted by an unknown assailant for no apparent reason, no recovery may be awarded for resulting disability." The question of "unknown assailant" was not involved in Mullins v. Tanksleary, supra. The assailant of Tanksleary was a fellow-employee well known to him.

In support of the "unknown assailant" rule in Mullins v. Tanksleary, supra, the court cites: Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, 164; Cordell Milling Co. v. State Industrial Commission, 173 Okl. 195, 47 P.2d 168; Brantley v. State In-

dustrial Commission, Okl., 315 P.2d 779. Each of these cases involve solely the question of whether or not the claimant at the time the assault occurred was working for the employer in the course of his employment. The question of whether or not the assailant was known or unknown was not involved and was not discussed in any of the cases.

Respondent cites the above four cases in its brief. They are not applicable for the reasons previously stated.

Respondent also cites Cox v. Cox, Okl., 379 P.2d 704 (1963), wherein claimant was assaulted by three men as he was leaving the apartment of his employer about six blocks from employer's place of business. He had gone to the apartment to secure some blueprints to be used in connection with the business of his employer. There was evidence of ill-feeling existing between the claimant and one of the assailants. This court sustained an order of the State Industrial Court denying compensation holding that the accident did not arise out of and in the course of claimant's employment. The distinction between the case and the present one is apparent.

In Graham v. Graham, Okl., 390 P.2d 892 (1964) cited by respondent the claimant's decedent was operating a cafe. At about 6:00 o'clock P.M. he was seated at a table totaling up the day's receipts. A frequenter of the cafe, whose wife worked in the cafe, and had a pending divorce action against her husband, suddenly shot claimant's decedent killing him instantly. The State Industrial Court denied recovery on the death claim holding that the accident did not arise out of decedent's employment. Again, the distinction between the Graham case and the present one is apparent.

The last case cited by respondent is Walk v. S. C. Orbach Co., Okl., 393 P.2d 847 (1964), wherein claimant was employed as a salesclerk at the respondent's store. She had completed her day's work, had checked out at the office and was walking from the store towards a portion of the parking lot where store employees parked their cars. A boy in a passing car reached out and attempted to grab claimant's purse. In the melee claimant was thrown to the pavement sustaining injuries. This court affirmed an order of the State Industrial Court holding that "the injury did not arise out of the employment with the respondent."

In the case of Indian Territory Illuminating Company, supra, and in Walk, supra, a personal attack of robbing was made only against the claimant. No property of the employer was involved.

■ There is much confusion and inconsistency in the language employed in the prior decisions of this court and in the courts of other jurisdictions. The cases are uniform in holding that at the time of the occurrence of the assault the injured party must be working in the course of his employment for his employer. If the injured party is actually on the job working in the course of his employment for the employer at the time the assault occurred, he is entitled to compensation benefits, although the assailant may be unknown, and the cause of the assault is not directly related to the business of the employer.

Lawson on Compensation, Vol. 1, page 191, § 11.33, on unexplained assaults, states:

"Occasionally an assault occurs for which no explanation whatever appears, either because the assault was unwitnessed, or because, even with all the facts available, no one can figure out why the assault was committed. Nothing connects it with the victim privately, neither can it be shown to have had a specific origin. If the claimant is in fact exposed to that assault because he is discharging his duties at that time and place there is no better reason here than in the unexplained-fall or death cases to deny an award merely because the claimant cannot positively show that the assault was motivated by something connected with the work. But the cases are more evenly divided on unexplained assaults than on falls or deaths."

Also see the reasoning in the case of Ensley v. Grace, 76 N.M. 691, 417 P.2d 885.

A more detailed statement of the evidence in the case shows that claimant was a nurse's aide who had worked at the rest home for fifteen months previous to the assault; that between 80 and 83 patients resided in the home; that claimant's work shift was from 11:00 o'clock P.M. until 7:00 o'clock A.M.; that she had no known enemies; that claimant and two other nurses' aides were the only ones on duty during this shift; that they checked the beds at midnight and took the soiled clothing to the washer and then put them in the drier; this routine was followed at twelve, two, four and six; that they kept the doors locked at all hours but when they went to the laundry room, which was by way of a patio, they would unlock the door to the main building; turn on a switch which lighted the laundry room before going into the laundry room; that she washed patients' clothes such as shirts, pants and dresses, hung them on hangers and the laundry girl would deliver them to the patients the next morning; that the laundry room was not kept locked.

In Mullins v. Tanksleary, supra, we said:

"An injury to a workman may be said to arise out of his employment, within the meaning of the Workmen's Compensation Act, when it is apparent, from a consideration of all the circumstances, that a causal connection exists between the condition under which the work is required to be performed and the resulting injury."

In a long line of decisions this court, without exception, has held that the Workmen's Compensation Law is to be liberally construed in favor of the employee and that any reasonable doubt as to whether an injury arose out of the employment should be resolved in favor of the workman. 85 O.S.1961, § 1 et seq.

The findings of fact of the State Industrial Court is supported by reasonable competent evidence and will not be disturbed by this court on review. Burwell v. Prewitt, supra; Mullins v. Tanksleary, supra.

Award sustained.

BERRY, C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.